IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
(MARTINSBURG)

U.S. DISTRICT COURT
FILED AT WHEELING, WV
SEP 16 2009
NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 3:09-CV-61 ) |
| 5042 HOLDINGS LIMITED d/b/a THE COUNTRY INN AT BERKELEY SPRINGS, | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Candace M. Bland and a class of similarly situated individuals who were adversely affected by such practices. As alleged with greater particularity in paragraphs 7(a) through (g) below, Defendant 5042 Holdings Limited d/b/a The Country Inn at Berkeley Springs ("Defendant"), discriminated against Ms. Bland and other female employees by failing to take prompt or effective action upon notice that they were being subjected to a sexually hostile work environment created by their co-workers. In addition, the Commission alleges that Defendant retaliated against Ms. Bland and the class members after they complained by taking them off the schedule and/or reducing their work hours for pretextual reasons. As a result of the sexual harassment and retaliation, Ms. Bland and the class members have suffered mental and emotional distress damages and lost backpay.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(g)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(g)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of West Virginia in Martinsburg.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(g)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(g)(1) and (3).

4. At all relevant times, Defendant, 5042 Holdings Limited d/b/a The Country Inn at Berkeley Springs (the "Employer"), has continuously been a West Virginia corporation doing business in the State of West Virginia and the City of Berkeley Springs, West Virginia and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Ms. Bland filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Since at least May, 2007, Defendant Employer engaged in unlawful employment practices at its Berkeley Springs, West Virginia location, in violation of 703(a)(1) and 704(a) of Title VII, 42 U.S.C.§ 2000e-2(a)(1). These unlawful practices include, but are not limited to, the following:

   a.  Since 2006, Defendant Employer has operated the Inn, which consists of 72 rooms, several restaurants, and a spa in Berkeley Springs, West Virginia.

   b.  Commencing on or about May 1, 2007, and continuing through August, 2008, Defendant tolerated and condoned a work environment that was hostile to Ms. Bland and other female employees because of their sex.

   c.  The hostile work environment consisted of comments made by two male employees that were demeaning, sexually offensive, rude, and derogatory toward Ms. Bland and others, based on their gender. The offensive words included, *inter alia,* words such as "bitch" and "slut" and repeated requests to go out with them.

   d.  The male employees also engaged in offensive touching, including unwanted hugs and slaps on the buttocks, kissing, humping, and grabbing women's breasts. One harasser inappropriately touched himself and dropped his pants in front of female employees.

   e.  Ms. Bland and other employees reported this untoward and offensive conduct to managers and to Defendant's owner, Nancy Sostaric. Likewise, managers reported the situation to Sostaric. However, despite this notice, Defendant failed to take timely or

effective action in response to the complaints.

    f.    After Ms. Bland filed a charge of discrimination with the EEOC, Defendant retaliated against her when it removed her from the schedule for a week, for pretextual reasons, drastically reduced her weekly work schedule and, ultimately, constructively discharged her.

    g.    Defendant retaliated against other class members after they complained about the hostile work environment by reducing their hours, and/or otherwise negatively altering the terms and conditions of their employment, up to discharging and/or constructively discharging them.

8.    The effect of the practices complained of in paragraphs 7(a) through (g) above has been to deprive employees of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex and because they engaged in protected activity.

9.    The unlawful employment practices complained of in paragraphs 7(a) through (g) above were intentional.

10.    The unlawful employment practices complained of in paragraphs 7(a) through (g) above were done with malice or with reckless indifference to the federally protected rights of Ms. Bland and other of Defendant's employees.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in the creation of a sexually hostile environment.

B. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in retaliation against any individual who has engaged in protected activity.

C. Order Defendant Employer to make whole Ms. Bland and other female employees, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Ms. Bland and other Class Members.

D. Order Defendant Employer to make whole Ms. Bland and other female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7(a) through (g) above, including such as relocation expenses, job search expenses, medical expenses and other expenses which were reasonably incurred as a result of Defendant's conduct, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Ms. Bland and other female employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7(a) through (g) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay Ms. Bland and other female employees punitive damages for its malicious and reckless conduct described in paragraph 7(a) through (g) above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

SHARON L. POTTER
United States Attorney

By: *Rita R. Valdrini*

Rita R. Valdrini
Assistant United States Attorney
WV Bar # 7864
United States Attorney's Office
P.O. Box 591
Wheeling, WV 26003
Phone: (304) 234-0100

**OF COUNSEL:**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

James L. Lee
Deputy General Counsel
Gwendolyn Young Reams
Associate General counsel
Washington, D.C.

Debra M. Lawrence
Acting Regional Attorney

Lisa H. Hernandez
Trial Attorney
Pa. I.D. 87634
Pittsburgh Area Office, Suite 1112
1000 Liberty Avenue
Pittsburgh, PA 15222
(412) 395-5852
(412) 395-5749 (facsimile)