**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**,

    **Plaintiff,**

v.                                                                      **CIVIL NO. 3:09-CV-61
                                                                              (Judge Bailey)**

**5042 HOLDINGS LIMITED, d/b/a
THE COUNTRY INN AT BERKELEY SPRINGS,**

    **Defendants.**

## ORDER DENYING MOTION FOR A MORE DEFINITE STATEMENT

Pending before this Court is defendant 5042 Holdings Limited's Motion for a More Definite Statement [Doc. 11], filed November 7, 2009. In that Motion, defendant seeks a more definite statement of the plaintiff's claims. [Doc. 11]. Specifically, defendant seeks an order requiring plaintiff to file an amended complaint which states "the names of the unnamed 'other female employees' for whom the EEOC is asserting claims.'" [Doc. 11]. In its response [Doc. 14] filed November 30, 2009, plaintiff resists the Motion noting that the EEOC is "not a proxy for individuals and possesses broad authority to seek relief for a broad class of aggrieved persons-both identified and presently unidentified- in its enforcement actions under Title VII." ([Doc. 14] at 2). After reviewing the record and the arguments of the parties, the Court finds that defendant 5042 Holdings Limited's Motion for a More Definite Statement [Doc. 11] should be **DENIED**.

"Motions for more definite statement are viewed with disfavor, and are rarely granted." Schwarzer, Tashima & Wagstaffe, ***Federal Civil Procedure Before Trial***, §

9:351 (2008), citing ***Rahman v. Johanns***, 501 F.Supp.2d 8, 19 (D. D.C. 2007).

"A Rule 12(e) motion is proper only where the complaint is *so indefinite that the defendant cannot ascertain the nature of the claim* being asserted.  ***Id.***, at § 9:347, citing ***Famolare, Inc. v. Edison Bros. Stores, Inc.***, 525 F.Supp. 940, 949 (E.D. Cal. 1981) (emphasis in original).  "If the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied.  ***Id.***, at § 9.350, citing ***Beery v. Hitachi Home Electronics (America), Inc.***, 157 F.R.D. 477, 480 (C.D. Cal. 1993).

As the federal law enforcement agency charged with administering and enforcing Title VII, the EEOC prosecutes Title VII actions to vindicate the public interest in eradicating employment discrimination.  Although the EEOC seeks various remedies in those enforcement actions, such as monetary remedies and other victim-specific relief, it does so in the public interest and does not serve as a proxy for private individuals. *See, e.g.,* ***EEOC v. Waffle House, Inc.***, 534 U.S. 279, 295-96 (2002).  The EEOC has independent standing to sue in its own name, and its authority to seek victim-specific remedies for private individuals is not derivative of the rights of those individuals. ***Id.*** at 295-297; ***General Telephone Co. of Northwest, Inc. v. EEOC***, 446 U.S. 318, 326 (1980); ***Occidental Life Ins. Co. of Cal. v. EEOC***, 432 U.S. 355, 368 (1977).

In recognition of these principles, it has long been the law of this Circuit that the EEOC possesses broad statutory authority to expand the scope of its litigation to encompass classes/groups of victims and claims not identified in the administrative charge precipitating the EEOC's lawsuit, and the EEOC may do so without satisfying Rule 23 class certification requirements.  *See, e.g.* ***General Telephone Co. of Northwest, Inc. v. EEOC***,

446 U.S. 318, 324-25 (1980); *EEOC v. General Electric Co.*, 532 F.2d 359, 364-69 (4th Cir. 1976); *EEOC v. Chesapeake & Ohio Railway Co.*, 577 F.2d 229, 231-32 (4th Cir. 1978).

Based on a review of the Complaint, the Court finds that the EEOC has identified: 1) the statutes defendant allegedly violated; 2) the time frames of the alleged violations; 3) the identity of the alleged perpetrators; 4) the name of one presently identified victim and a description of the class of aggrieved persons; 5) the specific claims alleged and their elements as to Charging Party Bland and the class of aggrieved persons; 6) the types of defendant conduct to which Bland and the class were subjected; and 7) the remedies being sought (*See generally* [Doc. 1]). Indeed, Defendant concedes that the EEOC's allegations are adequate as to Ms. Bland, ([Doc. 11-1] at 3) (stating "No one denies that such require[d] elements were pleaded as to Ms. Bland"). The allegations stated as to Ms. Bland also pertain to the class of aggrieved persons ([Doc. 1] ¶ 7). Thus, the EEOC's Complaint satisfies the requirements set forth by Rule 8 and case law pertaining to identification of class members. *See, e.g.*, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009) (Rule 8 pleading standard requires facts sufficient to suggest plausible claim for relief but does not require "detailed factual allegations").

Based on an application of the above standards to the motion in this case, the Court finds that naming each EEOC class member in the complaint is not required by Rule 8. Discovery under the Federal Rules of Civil Procedure is a sufficient procedure for disclosure of identities of EEOC class members in the above-styled case. *See, e.g., EEOC v. Man Mar, Inc.*, 2009 WL 3462217, *1,*2 & n.1 (S.D. Fla., Oct. 22, 2009)

(unpublished)(holding Defendant should seek EEOC class member identities in discovery rather through Rule 12(e) motion); ***EEOC v. Nichols Gas & Oil, Inc.***, 2006 WL 692345, *1, *2 (W.D.N.Y. Mar. 13, 2006) (unpublished) (same).

Based on the foregoing, the Court finds that defendant 5042 Holdings Limited's Motion for a More Definite Statement [Doc. 11], should be, and hereby is, **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: January 11, 2010

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE