**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

    Plaintiff,

v.                                                                           **Civil Action No. 3:09-CV-61**
                                                                           **(BAILEY)**

**5042 HOLDINGS LIMITED, d/b/a**
**THE COUNTRY INN AT BERKELEY SPRINGS,**

    Defendant.

## ORDER OF PRETRIAL CONFERENCE

On January 3, 2011, the parties in the above-styled civil action appeared before the Court for a pretrial conference in accordance with this Court's Order of March 16, 2010. See Doc. 21. The plaintiff, EEOC, was present by counsel, Deborah Kane, Lisa Hernandez, and Assistant United States Attorney Rita Valdrini. The defendant, 5042 Holdings Limited, was present by counsel, Christopher Luttrell and Thomas Hartnett.

As an initial matter, the Court addressed the status of this case. The parties indicated mediation had taken place, but that it was not successful. Next, the Court addressed the parties' motions *in limine* pending before it. After providing the parties an opportunity to supplement their arguments, the Court **ORDERED** as follows:

    1.    That **plaintiff's motion *in limine* number 1 [Doc. 63]** regarding prior bad act evidence under 404(b) is **GRANTED** as that evidence appears to be offered for character rather than proof of a necessary element of the offense;

    2.    That **plaintiff's motions *in limine* number 2 [Doc. 64]** and **3 [Doc. 65]** are **GRANTED** as the defendant's objections to the same were **WITHDRAWN**.

Next, the Court addressed the plaintiff's objections [Doc. 81] to certain of defendant's Rule 26(a)(3) disclosures [Doc. 73]. In particular, EEOC objects to witnesses

Dawn Speilman, Ms. Bland's supervisor, and Richelle Blankenship, Ms. Estes' supervisor. The plaintiff objects to Ms. Blankenship's affidavit, which the defendant intends to use for impeachment purposes, because she was not disclosed as a witness during discovery. Similarly, while Ms. Speilman was identified as a person with knowledge in response to EEOC's interrogatories, the substance of her knowledge was never provided. After considering the arguments of the parties, the Court **OVERRULED** the objections **[Doc. 81]**, but **GRANTED** the plaintiff an opportunity to depose these witnesses prior to trial. The defendant may not introduce the affidavit of Richelle Blankenship.

Next, the Court addressed the plaintiff's objections **[Doc. 81]** to certain exhibits [Doc. 73]. Plaintiff specifically objects to the following of the defendant's exhibits:

1. Exhibit 4 – Personnel and Pay Records of Candace Bland: The Court ruled that such exhibit may not be introduced except EEOC Bates Numbers 121 and 122 and Ms. Bland's pay stub records;
2. Exhibit 5 – Personnel Records of Jessica Estes: This exhibit may not be introduced;
3. Exhibit 6 – Personnel Records of Jacqueline Stohl: This exhibit may not be introduced, except for the two pages titled "Employee Warning;"
4. Exhibit 7 – Personnel Records of Danielle Harrison: Defendant **WITHDREW** this exhibit and represented that it will not be presented in evidence;
5. Exhibit 11 – Affidavit of Nancy McCoy Sostaric: The affidavit will not be allowed to come into evidence.

Next, the Court addressed the defendant's objections **[Doc. 89]** to certain of the plaintiff's Rule 26(a)(3) disclosures [Doc. 74]. First, the defendant objects to two of the plaintiff's witnesses, Stuben Kelly, the principal investigator for the EEOC, and Luis Chapman, an EEOC paralegal, because it claims they were never disclosed. In response, the Government represented that these witnesses were in fact disclosed in their

supplemental Rule 26(a) disclosures.  The Court **DEFERRED** ruling on this issue to permit defense counsel to confirm the plaintiff's representation.

The defendant also objected to several of the plaintiff's exhibits.  The Court ruled as follows:

1. Exhibit 1 – Notice of Charge of Discrimination dated October 16: To the extent that the issue regarding this document is whether it was ever sent and/or received, this is a matter of credibility to be determined at trial; accordingly, the defendant **WITHDREW** its objection;
2. Exhibit 2 - The defendant **WITHDREW** its objection to this exhibit;
3. Exhibit 8 – Declaration of Frank Ranieri: To the extent this is an impeachment document, the same will not be admitted into evidence; however, it may be used for purposes of impeachment if Mr. Ranieri testifies inconsistently with it;
4. Exhibit 12 – Ruling is **DEFERRED** until testimony is presented regarding back pay calculation;
5. Exhibit 13 – The objection is **OVERRULED**;
6. Exhibit 14 – Estes' EEOC Letter of Termination:  This exhibit is hereby **EXCLUDED** from evidence.

As a final matter, this Court informed the parties that jury selection and trial will commence on Tuesday, January 11, 2011, at 8:30 a.m.  The Court will empanel an eight (8) member jury for this trial, which is expected to last three (3) days.

There being no further business, the Court adjourned the matter.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** January 6, 2011.

/s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE