IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

v.                                          CIVIL ACTION NO. 3:09-CV-61
                                            (JUDGE GROH)

**5042 HOLDINGS LIMITED d/b/a**
**THE COUNTRY INN AT**
**BERKELEY SPRINGS,**

        Defendant,

**and**

**NANCY M. SOSTARIC AND STJEPAN**
**SOSTARIC, individually, and as Officer**
**and Shareholder of 5042 HOLDINGS**
**LIMITED, d/b/a THE COUNTRY INN**
**AT BERKELEY SPRINGS,**

        Guarantors.

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS AND
GRANTING CLAIM OF EXEMPTION REGARDING METLIFE INSURANCE POLICY**

The Court has before it pending objections and claim for exemptions filed by Stjepan Sostaric. At the February 20, 2013 status conference, the parties agreed that the pending objections were fully briefed and ripe for the Court's review. However, Stjepan Sostaric's claim for exemption regarding the Metlife insurance policy had not been fully briefed by the parties. Additionally, Stjepan Sostaric's counsel had not received the Metlife insurance policy at issue until the night before the hearing.

1

Therefore, the Court ordered the following briefing schedule regarding Stjepan Sostaric's claim for exemption for the Met Life insurance policy: Stjepan Sostaric's supporting memorandum was due March 12, 2013; Plaintiff's response was due March 22, 2013; and, Stjepan Sostaric's reply was due April 1, 2013. At the status conference, the Court reserved ruling on Stjepan Sostaric's pending objections until the claim for exemptions were fully briefed. As the pending objections and claim for exemptions are fully briefed, the matters are ripe for this Court's review.

## I.  Factual Background

The EEOC filed its Complaint in this Court on September 16, 2009 against the Defendant, 5042 Holdings Limited d/b/a The Country Inn at Berkeley Springs ("The Country Inn"), alleging that The Country Inn had violated Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e *et seq.* and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

On January 3, 2011, Judge Bailey held a final pretrial conference in this matter. However, the case settled on January 10, 2011, and it did not go to trial. The next day, the parties recorded the essential terms of the agreement, with the understanding that a more detailed consent decree would be forthcoming. However, Defendants refused to sign the consent decree. Therefore, on February 24, 2011, Plaintiff filed a Motion to Compel Settlement Agreement and to Impose Sanctions Against Defendants for Bad Faith Conduct. After the filing of Plaintiff's motion, Plaintiff also moved the Court for approval and entry of the consent decree. The Court granted Plaintiff's Motion for Entry of the Consent Decree and its Motion to Compel the Settlement Agreement became moot.

The consent decree resolved the claims involved in the litigation.  The consent decree:

(1) issued an injunction enjoining discriminatory employment practices and policies;

(2) required investigations for harassment or other discrimination complaints made against Defendant at the Defendant's own expense;

(3) required Defendant to revise its current harassment and retaliation policies;

(4) ordered certain practices and improvements to Defendant's documentation and record retention practices, reporting, and training; and,

(5) ordered $85,000 to be distributed to four individuals.

The consent decree also outlined a schedule for Defendants' monetary payments. Additionally, Nancy Sostaric and Stjepan Sostaric personally guaranteed payment of the amounts from their personal assets if The Country Inn could not make the payments.

On April 18, 2012, an Abstract of Judgment was entered which included Stjepan Sostaric as one of the parties against whom judgment in the amount of $85,000 with post-judgment interest at the rate of 0.23% per annum was entered.  On May 14, 2012, the EEOC filed an Application for Writ of Continuing Garnishment which sought the issuance of a Writ of Continuing Garnishment directed to MetLife Investors USA Insurance Company, specifically naming an insurance policy in which the EEOC claimed Stjepan Sostaric to have an interest.  The Application for Writ of Continuing Garnishment was granted by Order on May 15, 2012, and a Writ of Continuing Garnishment was issued that same day.

Also on May 15, 2012, the Clerk's Notice of Post-Judgment Garnishment and

Instructions to the Defendant and Guarantors was issued.  Copies of the Metlife Garnishment Writ and the Metlife Garnishment Notice were sent to Stjepan Sostaric at his place of business via Federal Express and received by him on May 17, 2012.  On May 16, 2012, Plaintiff filed a Motion to Amend Writ of Execution to modify the Writ of Execution to reflect Defendants' initial $10,000 payment toward the judgment.  Based upon this Motion to Amend Writ of Execution, the Court entered an Amended Order to Issue Writ of Execution on May 16, 2012, ordering the Clerk to issue an Amended Writ of Execution reflecting the correct amount of the judgment, plus interest, in the amount of $75,200.  The Clerk issued an Amended Writ of Execution with a Specification of Property Subject to Execution.  Stjepan Sostaric, acting *pro se*, filed a Claim for Exemption Form and Request for Hearing in which he claimed all major exemptions to which he was entitled under District of Columbia law, including an exemption for "any unmatured life insurance contract owned by you, other than a credit life insurance contract."  On July 30, 2012, Metlife filed an Answer to the Metlife Garnishment Writ.  On November 26, 2012, Plaintiff filed a Motion for Status Conference and/or a Hearing on the pending objections and claim for exemption filed by Stjepan Sostaric.  On December 17, 2012, the Court granted Plaintiff's motion.   The Court has before it pending objections and the claim for exemption for the Metlife policy filed by Stjepan Sostaric.  The Court held a status conference on February 20, 2013.  At the status conference, the Court set the briefing schedule for Stjepan Sostaric's claim for exemption.  The parties have submitted their memoranda regarding the issue.  Therefore, the pending objections and claim for exemption are fully briefed and the matters are ripe for this Court's review.

## II. Discussion

### A. Stjepan Sostaric's Objections to Writ of Garnishment

Stjepan Sostaric filed six objections to EEOC's Writ of Garnishment.

**1. First Objection: Notice of Non-Compliance with Consent Decree**

Stjepan Sostaric states that Paragraph 12 of the consent decree requires that he be provided with notice of non-compliance by the EEOC pursuant to the terms of Paragraph 28. Paragraph 28 states that the EEOC must notify the Defendant, in writing, of any alleged non-compliance. Then, Defendant has fifteen days to either correct the alleged non-compliance and inform the EEOC in writing or to deny the alleged non-compliance and inform the EEOC in writing.

The EEOC argues that Stjepan Sostaric had actual and constructive notice of The Country Inn's default regarding the terms of the consent decree. Plaintiff sent an e-mail to Stjepan Sostaric's counsel at the time of default stating that an extension for payment would not be granted and that Plaintiff would take the necessary measures to enforce the judgment. Additionally, Plaintiff argues that notice of non-compliance was not a condition precedent to collection efforts. Rather, Plaintiff contends that it was required to give notice of non-compliance only if it filed a motion seeking a hearing for the purpose of reviewing compliance with the consent decree. Thus, Plaintiff argues notice of non-compliance was not required.

The consent decree provides, in part:

28. Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing compliance with this Consent Decree. Prior to such motion, the Commission shall notify the Defendant, in writing, of the alleged non-compliance. Upon receipt of written notice, Defendant

> shall have fifteen (15) days either to correct the alleged non-compliance, and so inform the other party, or deny the alleged non-compliance in writing . . . .

The consent decree provides that the EEOC only has to give notice of non-compliance prior to a motion to the Court to schedule a hearing for the purpose of reviewing compliance with the consent decree. Thus, the EEOC was not required to give notice of non-compliance prior to filing the Writ of Garnishment as it never filed a motion to the Court to schedule a hearing for the purpose of reviewing compliance with the consent decree. Additionally, even if the EEOC was required to give notice of non-compliance, the EEOC most likely gave notice through its e-mail to The Country Inn through its counsel, Mr. Luttrell. In that e-mail, Mr. Luttrell asked for a month extension to make the three-month payment installment on behalf of the Sostarics and The Country Inn. Plaintiff's counsel refused the extension and stated "[i]f the payments are not made on time, we will take the steps necessary to enforce compliance with the agreement." Plaintiff's counsel never received payment, and Plaintiff's counsel filed an Application for Writs of Continuing Garnishment. Thus, Stjepan Sostaric had notice that Plaintiff's counsel would take steps to enforce the consent decree if the Defendants did not comply with its payment schedule. Accordingly, the Court **OVERRULES** the objection.

**2. Second Objection: Judgment Debtor**

Stjepan Sostaric states he is a guarantor of payment and not a judgment debtor in these proceedings. Plaintiff argues that a consent decree entered by the Court is a final judgment, therefore, Stjepan Sosatric is a judgment debtor.

Stjepan Sostaric signed the consent decree on March 1, 2011, signifying his

assent to the monetary judgment provisions, and on March 22, 2012, the Court signed and entered the consent decree making it an enforceable judgment. The Supreme Court has recognized that a consent decree is a final judgment. ***Rufo v. Inmates of the Suffolk Cnty. Jail***, 502 U.S. 367, 112 S. Ct. 748 (1992). In ***Rufo***, a district court held that conditions at the Suffolk County, Massachusetts jail were constitutionally deficient. *Id.* at 755. As a result of the litigation, prison officials entered into a consent decree with the inmates. *Id.* The consent decree provided for construction of a new jail that, among other things, would provide single occupancy cells for pretrial detainees. *Id.* Work on the jail was delayed and the prison population continued to outpace projections. *Id.* at 756. Therefore, the Sheriff of Suffolk County, pursuant to Federal Rule of Civil Procedure 60, Relief from a Judgment or Order, moved to modify the decree to allow double bunking in a certain number of cells to increase the jail's capacity. *Id.* at 756-67. Pertinent to this Court's analysis, the Supreme Court explicitly stated:

> A consent decree no doubt embodies an agreement of the parties and thus in some respects is contractual in nature. But it is an agreement that the parties desire and expect will be reflected in, and be enforceable as, a judicial decree that is subject to the rules generally applicable to other judgments and decrees.

*Id.* at 757 (citing ***Ry. Employs. v. Wright***, 364 U.S. 642, 650-51, 81 S. Ct. 368 (1961)). *See also* ***Firefighters Local Union No. 1784 v. Stotts***, 467 U.S. 561, 590, 104 S. Ct. 2576, 2594 (1984) ("The consent decree, like any other final judgment of a district court, was immediately appealable."); ***Smyth ex rel. Smyth v. Rivero***, 282 F.3d 268, 279-80 (4th Cir. 2002) (stating "[a] consent decree has elements of both judgment and contract

7

. . . ."); ***Thompson v. United States Dep't of Housing & Urban Dev.***, 404 F.3d 821, 826 (4th Cir. 2005) (rejecting the argument that a consent decree is to be treated as a contract and not a judicial act).[1]

Accordingly, the precedent of the Supreme Court of the United States and the Fourth Circuit views consent decrees as a final judgment. Therefore, a final judgment was entered against Stjepan Sostaric, and he is a judgment debtor. Accordingly, the Court **OVERRULES** the objection.

### 3. Third Objection and Fourth Objection: Jurisdiction over Stjepan Sostaric

Stjepan Sostaric argues that the consent decree does not provide for continuing jurisdiction over him. Additionally, Stjepan Sostaric contends that the Court does not have personal jurisdiction over him and that he appears specially for the purpose of contesting the Court's jurisdiction. Plaintiff argues, relying on Supreme Court precedent, that a district court retains jurisdiction to enforce its judgments, including consent decrees.

The Supreme Court of the United States recognized that a federal court may exercise ancillary jurisdiction "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." ***Peacock v. Thomas***, 516 U.S. 354, 116 S. Ct. 862, 867 (1996) (quoting ***Kokkonen v. Guardian Life Ins. Co.***, 511 U.S. 375, 379-80, 114 S. Ct. 1673,

---

[1]Additionally, 28 U.S.C. § 3002, a statute defining terms in Federal Debt Collection Procedure, defines "Judgment" as "a judgment, order, or *decree* entered in favor of the United States in a court and arising from a civil or criminal proceeding regarding a debt." (emphasis added).

1676 (1994) (citation omitted)). The Supreme Court explicitly stated that it has "reserved the use of ancillary jurisdiction in subsequent proceedings for the exercise of a federal court's inherent power to enforce its judgments. Without jurisdiction to enforce a judgment entered by a federal court, 'the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution.'" *Id.* (quoting **Riggs v. Johnson Cnty.**, 6 Wall. 166, 187, 18 L.Ed. 768 (1868)). Here, the Court entered the consent decree; thus, it has ancillary enforcement jurisdiction to enforce its judgment.[2] In addition, the consent decree specifically provided that the "Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree, including but not limited to monetary sanctions and injunctive relief." Consent Decree, ¶ 27. Also, the Court had original jurisdiction over the matter because it was a claim arising under the laws of the United States. The Court undoubtedly has ancillary jurisdiction to enforce the judgment entered in this lawsuit because the Court had original jurisdiction in the primary lawsuit, the consent decree specifically provided that the Court retained jurisdiction for the purpose of enforcing its terms, and the Court entered the consent decree. Thus, Stjepan Sostaric's argument that this Court does not have jurisdiction to enforce the consent decree is without merit. Accordingly, the Court **OVERRULES** the objections.

### 4. Fifth Objection: Lawfulness of Garnishment of Stjepan Sostaric's Personal Property

Stjepan Sostaric generally contests the lawfulness of any garnishment of his

---

[2] As compared to a private settlement agreement that a Court does not specifically order or enter.

9

personal property and any property belonging to Vista Contracting, Inc., of which he is a shareholder.

Stjepan Sostaric has made only a general objection and has failed to support this objection with any specific facts or arguments. Because this Court has jurisdiction over Stjepan Sostaric and the consent decree is valid, there is no obvious reason why it would be unlawful to garnish Stjepan Sostaric's personal property or his interest as a shareholder in Vista Contracting, Inc. Accordingly, the Court **OVERRULES** this objection.

### 5. Sixth Objection: *In Rem* Jurisdiction

Last, Stjepan Sostaric contests the garnishment of any property over which the Court does not have *in rem* jurisdiction. For the reasons explained above, this Court has continuing jurisdiction to enforce the consent decree. Also, Stjepan Sostaric does not specifically contest or point to property over which the court does not have *in rem* jurisdiction.

Additionally, Stjepan Sostaric requested that if the Court finds it has jurisdiction over him, he requests that all collection proceedings be transferred to the United States District Court for the District of Columbia. Although Defendant did not raise any authority to support a request to transfer, it appears that 28 U.S.C. § 3001, *et seq.* applies to this case as it "provides the exclusive civil procedure for the United States (1) to recover a judgment on a debt . . . ." **28 U.S.C. § 3001**. 28 U.S.C. § 3004 provides for nationwide enforcement of any writ, order, or judgment and it may be enforced by the court issuing the writ, order, or process, regardless of where the person is served with

10

the writ, order, or process. Section 3004 of Title 28 provides: "If the debtor so requests, within 20 days after receiving the [required] notice . . . , the action or proceeding in which the writ, order, or judgment was issued shall be transferred to the district court for the district in which the debtor resides." **28 U.S.C § 3004(b)(2)**.

Although the statute provides for transfer of the proceedings, the United States District Court for the District of Columbia concluded that a transfer was not mandatory. In that case, the Court found that a debtor's motion to transfer garnishment proceedings to the district in which the debtor resided was not warranted. Essentially, the Government established good cause to deny the transfer because a transfer of the proceedings would delay or frustrate the Government's efforts to collect on the judgment, the debtor's residence had not changed in the previous five years, and the debtor had paid less than $4,000 of the $312,260.09 judgment that she owed. ***United States v. Matthews***, 793 F. Supp. 72, (D.D.C. 2011). *See also **United States v. Gipson***, 714 F. Supp. 2d 571, 576 (E.D. Va. 2010) (noting that the FDCPA's provision "merely operates to shift the burden from the party requesting transfer–on whom the burden ordinarily rests in civil and criminal matters–to the party opposing transfer where . . . the requirements of § 3004(b)(2) are met.").

In this case, a transfer is not mandatory. A transfer of the proceedings would likewise delay and frustrate the Government's efforts to collect on the judgment. The proceedings have been in the Northern District of West Virginia for the past five years, and there is no allegation that Stjepan Sostaric's residence recently changed to the District of Columbia. Additionally, Defendants have only paid $10,000 of the $85,000

judgment, excluding post-judgment interest, and utterly failed to comply with the payment schedule mandated by the consent decree. Accordingly, the Court finds good cause and hereby **OVERRULES** the objection and **DENIES** a transfer to the United States District Court for the District of Columbia.

### B. Stjepan Sostaric's Claim for Exemption for Metlife Policy

On March 12, 2013, Stjepan Sostaric, by counsel, filed his memorandum of law in support of his claim for exemption for Metlife Variable Universal Whole Life Insurance Policy. Metlife has confirmed that Stjepan Sosatric's policy has an approximate cash surrender value in excess of $195,000. Stjepan Sosatric argues that the Metlife policy is exempt from execution in its entirety under District of Columbia Code § 15-501(a)(5).

Section 15-501 of the District of Columbia Code provides, in pertinent part:

> (a) The following property of the head of a family or householder residing in the District of Columbia . . . , is free and exempt from distraint, attachment, levy, or seizure and sale on execution or decree of any court in the District of Columbia:
> . . .
>
> (5) any unmatured life insurance contract owned by the debtor, other than a credit life insurance contract . . . ."

**D. C. Code § 15-501(a)(5)**. Defendant argues that Section 15-501 does not attempt to limit the amount of cash value which can be exempted in a life insurance policy and therefore the Metlife policy is exempt from execution in its entirety. The EEOC argues that the vast majority of case law interpreting the federal bankruptcy exemption statute or state statutes modeled after the federal statute have held that the exemption of unmatured life insurance contracts does not extend to an exemption of a policy's cash surrender value.

12

The first issue is whether D. C. Code § 15-501(a)(5) exempts solely the Metlife life insurance contract or whether it also exempts its cash surrender value. The District of Columbia's exemptions available to debtors under D.C. Code § 15-501 are patterned after the federal exemptions available to debtors by the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* Therefore, the exemptions in the Bankruptcy Code are instructive.

Under the federal exemptions of Section 522(d), Congress created two exemptions for unmatured life insurance contracts owned by the debtor. First, Section 522(d)(7) provides an exemption for "[a]ny unmatured life insurance contract owned by the debtor, other than a credit life insurance contract." Section 522(d)(7) has been interpreted to "address[] term insurance contracts owned by the debtor with no cash surrender value" and would be completely exempt under this provision. *In re Meyers*, 483 B.R. 89, 99 (W.D.N.C. 2012). Second, Section 522(d)(8) provides a limited exemption for insurance contracts possessing present value to the owner, " . . . not to exceed in value $11,525 . . . in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract owned by the debtor under which the insured is the debtor or an individual of whom the debtor is a dependent." *Id.* The second section provides debtors with a "limited exemption for any present value in an unmatured life insurance contract owned by the debtor, when the insured is the debtor or an individual on whom the debtor is dependent." *Id.* In this case, Defendant's Metlife policy has a cash surrender value. However, D. C. Code § 15-501 only contains the provision in Section 522(d)(7), and it does not contain the provision in Section 522(d)(8) regarding policies with a cash value.

However, a case from the District of Columbia's bankruptcy court discusses an

exemption for a life insurance policy with a cash surrender value. In *In re Davis*, the debtor claimed as exempt the $14,500 cash surrender value of a life insurance policy on the debtor's own life and payable to his wife. 275 B.R. 134, 136 (D.C. 2002). The debtor relied on D.C. Code § 31-4176(a), which states in pertinent part:

> When a policy of insurance . . . is effected by any person on his own life . . . in favor of some person other than himself having an insurable interest therein, . . . the lawful beneficiary . . . , other than the insured . . . , shall be entitled to its proceeds and avails against the creditors . . . of the insured . . . whether or not the right to change the beneficiary is reserved or permitted and whether or not the policy is made payable to the . . . insured, if the beneficiary . . . shall predecease such person whose life is insured . . . .

*Id.* at 136-37. The court stated that "[w]hile D. C. Code Ann. § 15-501 (2001) provides the state law exemptions most often relied upon by District of Columbia resident-debtors, D.C. Code Ann. § 31-4716(a) . . . provides an additional state law exemption which may be claimed pursuant to 11 U.S.C. § 522(b)(2)." *Id.* at 137. "The requirements which must be satisfied for the debtor's claim of exemption under D.C. Code Ann. § 31-4716(a) to be effective to exempt the cash surrender value of the debtor's life insurance policy are:

- the insured must have effected a life insurance policy on his own life in favor of another;
- the beneficiary must have an insurable interest in the life of the debtor; and
- the property being claimed as exempt is a proceed or avail of the life insurance policy."

*Id.* at 138.

The court held that the debtor had satisfied all three requirements of the exemption because (1) the debtor effected a life insurance policy on his own life in favor of his wife, (2) the debtor's wife has an insurable interest in the life of the debtor, and (3)

14

the cash surrender value of the debtor's life insurance policy is a proceed or avail of the policy. *Id.* at 138-141. The court also limited its holding by stating that "the debtor's interest in the insurance policy remains exempt only so long as the debtor does not change the beneficiary designation to his own advantage (as by obtaining the cash surrender value proceeds for his own use)." *Id.* at 141 (citing **In re Messinger**, 29 F.2d 158, 160 (2d Cir. 1928), *cert. denied*, 279 U.S. 855, 49 S. Ct. 351 (1929)).

Stjepan Sostaric has met the requirements for the claim of exemption under D.C. Code § 31-4716(a). First, he effected the Metlife life insurance policy on his own life in favor of his mother and his wife. Second, Stjepan Sostaric's mother and his wife have an insurable interest in his life. Last, the cash surrender value of the Metlife policy is a proceed or avail. *See* **In re Davis**, 275 B.R. at 139-40 (collecting cases). Accordingly, Stjepan Sostaric has met the requirements for the exemption provided by D.C. Code § 31-4716(a), and the Court **GRANTS** his claim for exemption of the Metlife life insurance policy. The Court notes that Stjepan Sostaric's interest in the insurance policy remains exempt only so long as he does not change the beneficiary designation to his own advantage.

### III. Conclusion

For the foregoing reasons, Stjepan Sostaric's objections to the Writs of Garnishment are **OVERRULED**. However, his claim for exemption as to the Metlife insurance policy is **GRANTED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record

and/or *pro se* parties.

**DATED:** April 16, 2013

/s/ Gina M. Groh
GINA M. GROH
UNITED STATES DISTRICT JUDGE